Filed 9/24/13  P. v. Boers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072420 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036662) |
| v. | |
| BRANDON MICHAEL THOMAS BOERS, | |
| Defendant and Appellant. | |

Following a plea of guilty, the trial court convicted defendant Brandon Michael Thomas Boers of false imprisonment by violence, dissuading a witness, criminal threats, and battery, and placed defendant on probation.  Shortly thereafter, defendant admitted violating probation and the trial court sentenced him to an aggregate term of six years in county jail.  Defendant appealed.  His appeal is subject to the principles of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.  In accordance with the latter, we will provide a summary of the offenses and the proceedings in the trial court.

1

BACKGROUND

Because this matter was resolved by plea, the facts are taken from the stipulated factual basis as detailed in the probation report.

Defendant lived with his girlfriend, Vanessa G., and their young child. At approximately 2:00 a.m., he came into the home screaming at Vanessa. When she tried to leave, defendant grabbed Vanessa by the hair, dragged her across the room and threw her on the ground. He got on top of her and put a pillow on her face, trying to suffocate her. Vanessa fought back and attempted to leave again, but defendant again grabbed her by the hair and hit her several times. Their child witnessed the assault. Defendant threatened Vanessa if she contacted law enforcement, he would kill her and her entire family and that if he got in trouble he would take their daughter. When defendant fell asleep, Vanessa was able to leave the home with her child.

A complaint charged defendant with false imprisonment by violence (Pen. Code, § 236),[1] dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)), criminal threats (§ 422, subd. (a)), and battery (§ 243, subd. (e)(1)). Defendant pleaded guilty to false imprisonment by violence and misdemeanor counts of dissuading a witness, criminal threats and battery. The trial court suspended imposition of sentence and granted defendant 36 months of formal probation. Among the terms of probation, defendant was ordered not to contact or communicate with Vanessa.

Approximately two weeks after the trial court sentenced defendant, the probation officer filed a violation of probation petition. The petition alleged defendant had violated the no contact order. The parties stipulated to the factual basis. Defendant admitted the probation violation. The trial court found defendant had violated his probation and revoked probation. The trial court found each conviction arose from a separate act and

---

[1]     Further undesignated statutory references are to the Penal Code.

sentenced defendant to a term of three years on the false imprisonment conviction, and one year each on the misdemeanor convictions for dissuading a witness, making criminal threats and battery, consecutive with the false imprisonment sentence for an aggregate term of six years in county jail. The trial court ordered defendant to pay a $240 restitution fund fine (§ 1202.4, subd. (b)), $240 probation revocation fine (§ 1202.44), additional fines and fees and defendant awarded 240 days of presentence custody credits. Defendant did not seek a certificate of probable cause. (§ 1273.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


       NICHOLSON     , Acting P. J.


We concur:


      ROBIE       , J.


      DUARTE     , J.